IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOL FINANCE COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>DWIGHT G. MEBANE, et al.,<br><br>                    Defendants.<br>_____ | ) Case No.: 1:10-cv-00078 LJO JLT<br>)<br>)<br>) ORDER DIRECTING PLAINTIFF TO FILE<br>) SUPPLEMENTAL BRIEFING IN SUPPORT<br>) OF THE APPLICATION FOR DEFAULT<br>) JUDGMENT (Doc. 38)<br>)<br>)<br>) |

LOL Finance Company, ("Plaintiff") seeks the entry of default judgment defendants Dwight G. Mebane and Helen L. Mebane ("Defaulting Defendants"). (Doc. 38). Defaulting Defendants did not oppose Plaintiff's application, nor have they otherwise appeared in this matter.

**I.   Procedural History**

On January 14, 2010, Plaintiff filed its complaint against Helen Mebane, individually and as the trustee of the Dwight and Helen Mebane Trust. (Doc. 1). An amended complaint was filed by Plaintiff on July 1, 2010, against Dwight Mebane, Helen Mebane, the Dwight and Helen Mebane Trust, Justin J. Mebane, Chet B. Mebane, Melissa J. Warner, and ABC Company. (Doc. 18). Plaintiff alleged breach of contract, conversion, and conspiracy to commit conversion. *Id.* at 7-8.

Defaulting Defendants were properly served with the complaint, but failed to respond within the time prescribed by the Federal Rules of Civil Procedure. Defendants Chet Mebane and Justin Mebane filed their answer to the complaint on August 3, 2010. (Doc. 21). Defendant Melissa J.

Warner filed her answer on August 26, 2010. (Doc. 30). Upon application of Plaintiff, and pursuant to Fed.R.Civ.P. 55(a), default was entered against Dwight Mebane and Helen Mebane on November 4, 2010. (Doc. 35). Plaintiff filed its motion for default judgment on December 9, 2010. (Doc. 38).

## II.   Requests for Default Judgment

The Federal Rules of Civil Procedure govern applications to the Court for issuance of default judgment. Where a default was entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed.R.Civ.P. 55(a)-(b). Such an application for default judgment qualifies as a motion before the Court. *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at *2 (E.D. Cal. June 23, 2009). Therefore, Plaintiff's application "should include briefs on the pertinent issues." *Id.*; *see also* Local Rule 230(b).

## III.   Default Judgment against Defendants While Others Remain

Plaintiff seeks judgment against only defendants Dwight Mebane and Helen Mebane, although other defendants (Chet Mebane, Justin Mebane, and Melissa Warner) remain in the case and have submitted answers to defend themselves in the action. In determining whether to enter default judgment, the factual assertions of Plaintiff are taken as true because default has been entered against Defendant. *Pope v. United States*, 323 U.S. 1, 22 (1944). However, the Court is concerned about the prejudicial effect that this has on the remaining defendants' case. Under the Federal Rules of Civil Procedure,

> When an action presents more than one claim for relief. . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Therefore, the Court has discretion to decline entry of default judgment where a just reason exists to delay entry of a final judgment to Defaulting Defendants.

The Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant. . .while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Moreover, "[c]onsiderations of

fairness and the sound administration of justice are also applicable to the entry of default judgment in a case involving multiple parties or claims." *Johnson,* 2009 U.S. Dist. LEXIS 57942, at *5.  The Ninth Circuit has held that a court should not enter default judgment where "the defendants are similarly situated defendants, even if not jointly and severally liable, and where delay is necessary to avoid an inherently inconsistent result." *Id.*, citing *In re First T.D. & Investment, Inc.*, 253, F.3d 520, 532 (9th Cir. 2001).

**IV. Conclusion**

Plaintiff's motion for default judgment failed to address whether it is appropriate for the Court to enter judgment against defendants Dwight Mebane and Helen Mebane while other defendants remain to defend in this action.  Also, Plaintiff failed to address how entry of the default judgment against these defendants would affect the Dwight and Helen Mebane Trust (to which a summons was issued on December 2, 2010). (Doc. 37)  Likewise, Plaintiff has not yet provided the Court analysis as to whether the interests of the individuals are intertwined with the trust, especially in light of Helen Mebane's role as a trustee, such that entry of default judgment here is premature.  Because Plaintiff did not address these issues in its application for default judgment, it will be given the opportunity to do so now.

Therefore, the Court hereby **ORDERS** Plaintiff to file supplemental points and authorities in support of the application for default judgment, addressing the issues set forth above, no later than January 3, 2011.

IT IS SO ORDERED.

Dated:   **December 14, 2010**                                **/s/ Jennifer L. Thurston**
                                                                                       UNITED STATES MAGISTRATE JUDGE