IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOL FINANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>DWIGHT G. MEBANE, HELEN L. MEBANE, DWIGHT AND HELEN MEBANE TRUST, JUSTIN J. MEBANE, CHET B. MEBANE, MELISA J. WARNER, JOHN DOE, and ABC COMPANY,<br><br>            Defendants. | Case No.: 1:10-cv-00078 LJO JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

LOL Finance Company ("Plaintiff") seeks the entry of default judgment against Dwight G. Mebane and Helen L. Mebane ("Defendants"). (Doc. 38). Defendants did not oppose Plaintiff's motion for default judgment. The motion was opposed by defendants Justin Mebane, Chet Mebane, and Melisa Warner ("the Individual Defendants"). On January 13, 2011, the Magistrate Judge recommended that Plaintiff's motion for default judgment be granted in part and denied in part. (Doc. 47).

The Magistrate Judge found that application of the factors set forth by the Ninth Circuit in *Eitel v. McCool* for default judgment. First, Plaintiff would have no other alternative by which to recover damages suffered as a result of the defendants' actions. *See J & J Sports Prods. v.*

*Rodriguez*, 2010 U.S. Dist. LEXIS 20288, at *7 (E.D. Cal. March 5, 2010).  Second, the Magistrate Judge found that Plaintiff sufficiently stated claims for breach of contract, conversion, and conspiracy to commit conversion, as well as for the remedy of specific performance of the Standstill Agreement.  Third, in considering the sum of money at stake, the Magistrate Judge found the amount sought was proportional to Defendants' conduct.  Fourth, the Magistrate Judge found that there is a possibility of dispute of material facts because other defendants remain to defend in the action who may challenge the breach of the loan agreements, promissory notes and commercial security agreements, or whether a conspiracy took place.  Thus, this factor weighed against entry of default.  Finally, the Magistrate Judge found that it was unlikely that defaults entered by the Clerk of Court were the result of excusable neglect.  *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

In addition to weighing the *Eitel* factors, the Magistrate Judge expressed concern that Plaintiff seeks the entry of default judgment against the two defendants while other defendants remain in the action, and one has yet to be served.  If the Individual Defendants were to prevail at trial, there may be a finding of fact that no conversion or conspiracy took place, and thus there is a possibility of inconsistent judgments as to these claims if default is entered against defendants Dwight and Helen Mebane.  Therefore, the Magistrate Judge found it was in the interest of judgment to not enter default judgment against Defendants as to these claims while the liability of the remaining defendants was undetermined.

Although Plaintiff was granted 14 days from January 14, 2011, or until January 27, to file objections to the Magistrate's Findings and Recommendations, the Plaintiff did not do so.  Moreover, Plaintiff conceded at the hearing that default judgment should not be entered as to Counts II and III, and withdrew its request for entry of default as to Count I, thereby seeking default judgment only on the claim of specific performance (Count IV) against Defendants.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

1  Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations filed
2  January 13, 2011, are **ADOPTED IN FULL**.
3  IT IS SO ORDERED.
4  **Dated:   February 1, 2011**                    **/s/ Lawrence J. O'Neill**
   UNITED STATES DISTRICT JUDGE